RECEIVED
IN ALEXANDRIA, LA
APR 2 0 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| LINDA ADKINS | CIVIL ACTION |
| | NO. 08-0264 |
| VERSUS | |
| MICHAEL J. ASTRUE, COMMISSIONER | JUDGE JAMES T. TRIMBLE, JR. |
| OF SOCIAL SECURITY | MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Linda Adkins ("Adkins") protectively filed applications for a Period of Disability, Disability Insurance Benefits ("DIB") and Supplemental Security Income Benefits ("SSI") on January 18, 2006 asserting an alleged onset date of October 1, 2005. Adkins alleges she suffers from a combination of severe medically determined impairments including severe insulin dependent diabetes mellitus, diabetic peripheral neuropathy in both her hands and feet, vision problems, hypertension and hyperglycemia. Additionally, Adkins contends she suffers from urinary incontinence, osteoarthritis in hands in lower extremities and depression. Her applications were denied on March 24, 2006 and again on December 5, 2006 upon reconsideration.

A video hearing was held before Administrative Law Judge ("ALJ") Thomas G. Norman on May 15, 2007 (R. 220-245). ALJ Norman presided over the hearing from Houston, Texas and Adkins appeared in Lake Charles, Louisiana. Also in attendance were her attorney, Lee A. Iles and vocational expert ("VE"), Jeffrey J. Peterson. The

ALJ found that, although Adkins suffered from the following severe impairments: diabetes with neuropathy, hypertension and hyperglycemia, the impairments or a combination thereof did not meet or medically equal the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ found Adkins had the residual functional capacity to perform a light level or exertion (lift/carry 20 lbs. occasionally and 10 lbs. frequently; stand/walk 6 hours of an 8 hour workday; sit 2 hours of an 8 hour worday); however, she must alternate sitting and standing and was precluded from working at unprotected heights, from climbing on and or about moving or dangerous machinery or equipment. The ALJ then found Adkins could perform her past relevant work as an assembly line worker. Therefore, Adkins was not considered to be under a disability, as defined by the Social Security Act, from October 1, 2005 through the date of the decision, July 19, 2007 (R. 107-115).

Adkins requested a review of the ALJ's unfavorable decision, but on December 31, 2007, the Appeals Council denied the request as to the claim for a Period of Disability and Disability Insurance Benefits. However, the Appeals Council remanded the SSI claim to the ALJ to obtain updated treatment records (R. 134-136).

Adkins then filed this appeal for judicial review of the final decision of the Commissioner as to Adkins' claims for a Period of Disability and Disability Insurance Benefits and the Commisioner filed an answer in response thereto. Adkins submitted a brief in

support of her appeal (Doc. Item 9) and raised the following issues for judicial review:

1. Ms. Adkins' claim for a Period of Disability and Disability Insurance Benefits should be remanded in light of the fully favorable decision rendered on May 27, 2008 with regard to her claim for SSI.

2. Alternatively, the ALJ erred in failing to properly develop the record with regard to the severity of all of Ms. Adkins' medically determined impairments. As a result, his findings at Steps 2 through 4 of the evaluation process are unsupported by the evidence.

In response, the Commissioner filed an *unopposed* motion for a fourth sentence remand (Doc. Item 12), seeking a judgment reversing the Commissioner's decision and remanding the case to the Social Security Administration in order for the ALJ to conduct further administrative proceeding to obtain the SSI claim file of the ALJ's May 27, 2008 favorable decision and further consider its options in accordance with HALLEX I-5-3-17.

## Fourth Sentence Remand

In <u>Shalala v. Shaefer</u>, 509 U.S. 292, 296-7, 113 S.Ct. 2625, 2629, 125 L.Ed.2d 239 (1993), the Supreme Court stated the exclusive methods by which district courts may remand to the Commissioner are set forth in sentence four and sentence six of 42 U.S.C. § 405(g), as follows:

> [4] The district court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing.

3

> [6] The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Commissioner for further action by the Commissioner, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.

Immediate entry of judgment (as opposed to entry of judgment after post-remand agency proceedings have been completed and their results filed with the court) is the principal feature that distinguishes a sentence-four remand from a sentence-six remand. Shaefer, 509 U.S. at 297, 113 S.Ct. at 2629. Also, Istre v. Apfel, 208 F.2d 517 (5th Cir. 2000).

A sentence four remand must "end the instant action" with a final judgment which affirms, modifies or reverses the final decision of the Commissioner. Shaefer, 509 U.S. at 297-298, 113 S.Ct. at 2629; Istre, 208 F.3d at 519.

In the case at bar, the Commissioner requests a fourth sentence remand (Doc. Item 12), stating in both the brief and the proposed judgment that the matter be reversed and remanded to the Commissioner of Social Security for the purpose of conducting further administrative proceedings. Thus, in response to Adkins' appeal, the Commissioner admits his original decision is not supported by substantial evidence and agrees to a reversal of the

4

decision and a remand for further proceedings.

Since, by admission of the Commissioner, substantial evidence does not support the conclusions of the ALJ and the Appeals Council, their decision is incorrect as a matter of law and should be reversed and vacated. Pursuant to the Commissioner's unopposed motion, Adkins' case should be remanded to the Commissioner, pursuant to the fourth sentence of Section 405(g), for further proceedings.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Adkins' appeal be GRANTED, the Commissioner's decision be REVERSED AND VACATED pursuant to the fourth sentence of Section 405(g), and the case be REMANDED for further proceedings as set forth above.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT**

WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this ____ day of April, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE